
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 5 & DINER OF NORTH AMERICA LLC, a Massachusetts limited liability company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WADSWORTH JORDAN CROSSING LLC, a Utah limited liability company, <br><br> Defendant-third-party-plaintiff-Appellee, <br><br> v. <br><br> MICHAEL WILLEMS; CARRIE WILLEMS, <br><br> Third-party-defendants-Appellees. | No. 16-16696 <br><br> D.C. No. 2:15-cv-02392-SPL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 10, 2017[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, and BYBEE, Circuit Judges.

5 & Diner of North America, LLC (FDNA) appeals the district court's grant of judgment on the pleadings to Wadsworth Jordan Crossing, LLC (Wadsworth).[1] Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The district court did not err in concluding that FDNA had no remaining contractual relationship with the Peoria franchisees in July 2015. The franchise agreement unambiguously ended at the expiration of its 20-year term in June 2015. The franchise agreement provided for automatic extension only to match a lease that, during the franchise period, was "extended, renewed, or otherwise lengthened,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although the district court did not formally adjudicate FDNA's third-party complaint seeking indemnification from the franchisees, we conclude that its order was final and appealable under 28 U.S.C. § 1291. The district court clearly intended the judgment to dispose of the entire action, and Wadsworth appears to have abandoned its third-party claims in light of the dismissal, both by failing to pursue any further action on such claims before the district court and by informing our court that the claims were "mooted" by its victory on the merits of FDNA's complaint. *See Lovell v. Chandler*, 303 F.3d 1039, 1049 (9th Cir. 2002) ("Abandoned claims do not compromise the finality of the judgment if it is clear that the trial court intended to dispose of all the claims before it.").

2

as to its initial term." Such language is not reasonably susceptible to FDNA's argument that the agreement automatically extended to match the *initial* term of the Peoria site lease, which was *newly executed* three years into the franchise period, and which did not exist at the inception of the franchise agreement. The district court was not required to consider extrinsic evidence offered in support of FDNA's contradictory reading of the contract. *See Long v. City of Glendale*, 93 P.3d 519, 528 (Ariz. Ct. App. 2004); *see also Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1317–18 (9th Cir. 1997) (Arizona law did not require consideration of extrinsic evidence where "no language in the contract [was] susceptible to competing interpretations"); *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139 (Ariz. 1993) (extrinsic evidence cannot be used to "vary or contradict the meaning of the written words").

**AFFIRMED.**